UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In Re:  Hon. Thomas J. Tucker

Carl Wells and Lori Wells,  Case No. 09-79679

Debtors.  Chapter 13

_____

Gut T. Conti (P68889)
The Law Offices of Guy T. Conti, PLLC
Attorneys for Debtors
302 N. Huron Street
Ypsilanti, MI 48197
(888) 489-3232

Scott A. Chernich (P48893)
Patricia Scott (P73061)
FOSTER SWIFT COLLINS & SMITH PC
Attorneys for Claimant American 1
    Federal Credit Union
313 S. Washington Square
Lansing, MI 48933
(517) 371-8133
_____/

CLAIMANT'S OBJECTION TO DEBTORS'
FIRST AMENDED CHAPTER 13 PLAN

Claimant American 1 Federal Credit Union ("Claimant") through its attorneys Foster Swift Collins & Smith PC for their objection to Debtors' first amended Chapter 13 Plan ("Plan") pursuant to 11 U.S.C. §1307(c)(5), § 1322(b)(2) and 1325(a)(5) and states as follows:

1.  On September 6, 2000, Debtors entered into a Credit Agreement and Truth-in-Lending Disclosure ("Agreement") with Claimant in the amount of $20,450.00. See Exhibit A attached hereto.

2. Also on September 6, 2000 to secure the indebtedness incurred in the Agreement with Claimant, the Debtors gave a mortgage to Claimant on real estate located at 2284 Mt. Hope Road, Grass Lake, Michigan, 49240. ("Mortgage")

3. Claimant recorded the Mortgage with the Jackson County Register of Deeds on September 27, 2000, Liber 1639, Page 1139. See Exhibit B attached hereto.

4. On December 31, 2009, Debtors filed for relief under Chapter 13 of the Bankruptcy Code.

5. On the date they filed bankruptcy, the Debtors owed Claimant $10,214.22 pursuant to the Agreement.

6. The Debtors' first amended Chapter 13 Plan modifies the Agreement pursuant to 11 U.S.C. § 1322(b)(2) and will pay Claimant a total of $2,526.65 at 9.5% interest over a period of fourteen (14) months.

7. The Sixth Circuit has held that, "If a claimant's lien on the debtor's homestead has a positive value, <u>no matter how small in relation to the total claim</u>, the claimant holds a secured claim and the claimant's contractual rights under the loan documents are not subject to modification by the Chapter 13 Plan." *In re Lane*, 280 F.3d 663, 669 (6 Cir. 2002). (Emphasis added).

8. Section 1322(b)(2) of the Bankruptcy Code ("Code") prohibits bifurcating a mortgage in a Chapter 13 Plan where the mortgage is secured only by real property that is the debtor's principal residence, unless the mortgage is *wholly* unsecured. The United States Supreme Court has held that § 1322(b)(2) prohibits Chapter 13 debtors from bifurcating or modifying a secured creditor's rights regarding a debtor's principal residence, even if the claim is undersecured, as the secured creditor is still the "holder" of a secured claim. *Nobelman v.*

*American Sav. Bank*, 508 U.S. 324, 329-332; 113 S. Ct. 2106; 124 L.Ed.2d 228 (1993). To modify the terms of the mortgage would modify the mortgagee's "contractual right." *Id.* at 331. The Supreme Court noted that Congress chose to protect the "*rights* of holders of secured claims" rather than the *claim* of a secured creditor. *Id.* at 328-329 (Emphasis added). Therefore, the "rights" protected by § 1322(b)(2) are the secured creditor's "rights" from the mortgage contract, not the value of the claim. *Id.* Provided there is some value in the secured creditor's claim, then the secured creditor is still a "holder" of a secured claim and the mortgage cannot be modified regardless if the claim is under-secured. *Id.* at 329-330.

9. According to the Debtors' Schedule A, the Real Estate securing the Mortgage is the Debtors' residence and has a fair market value of $108,500.00.

10. The Debtors have a first mortgage with Wells Fargo Home Mortgage Company with an amount due of $106,124.00.

11. Therefore, equity in the Real Estate exists and the Debtors' offer no explanation of how they arrived at the fair market value listed in their schedules. According to the 2009 SEV, the fair market value is $125,908.00.

12. Under 11 U.S.C. § 1322(c), a mortgage can be bifurcated and modified if the last mortgage payment becomes due before the last payment of the Chapter 13 Plan becomes due. In this case the Agreement and Mortgage provides that the last payment is due on October 20, 2015, and the last payment on the claim in the Debtors' plan is within 14 months from the date of confirmation. Therefore, the exception provided by §1322(c) does not apply in this case.

13. Pursuant § 1322(b)(2), the mortgage must be secured by the real property only. If any other collateral secures the mortgage, the secured creditor's rights can be modified. In this instance, the Agreement and Mortgage only pertain to the Debtors' residence. The Agreement

and Mortgage do not contain cross collateralization language. In fact, the Agreement states in paragraph 3 in pertinent part: "This agreement is not secured by any of your other personal or real property no matter what any other agreement you have with us states."

14. Claimant objects to the treatment of its claim regarding the Mortgage because it impermissibly modifies the Mortgage in violation of § 1322(b)(2). Exhibit A̶.B̶

15. Further, Claimant objects to the treatment of its claim regarding the Mortgage under the Debtors' First Amended Chapter 13 Plan because it has not been proposed in good faith pursuant to 11 U.S.C. § 1325(a)(3).

16. The Plan has also not been proposed in good faith because the Debtors are not applying good old fashioned belt tightening practices.

17. After reviewing Debtors' Schedule I, Claimant believes that the Income can be increased as follows:

| | | |
|---|---|---|
| Total Monthly Income: | | $6,963.99 |
| FERS Retirement Contribution | $ 31.97 | |
| Thrift Savings Plan Contribution | $509.55 | |
| TSP Loan | $376.03 | |
| 401(k) Loan | $511.33 | |
| 401(k) Contribution | $108.33 | |
| | | $1,537.21 |
| **TOTAL MONTHLY INCOME:** | | **$8,501.20** |

18. After reviewing Debtors' Schedule J, Claimant believes that the expenses can be decreased as follows:

| EXPENSE | CURRENT | REDUCED AMOUNT | SAVINGS | REASON |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| Transportation | $450.00 | $300.00 | $150.00 | Belt tightening |
| Recreation | $150.00 | $ 50.00 | $100.00 | Belt tightening |
| Charitable Contributions | $24.00 | $0.00 | $ 24.00 | Already included in wage withholding |
| Life Insurance | $18.00 | $0.00 | $ 18.00 | Belt tightening |
| Term Life Insurance | $57.00 | $0.00 | $ 57.00 | Belt tightening |
| 1st NB-Sedan payment | $103.90 | $0.00 | $103.90 | They have 2 other vehicles |
| Cell phones | $131.32 | $75.00 | $ 56.32 | Cut down on expense |
| IRA Savings | $100.00 | $0.00 | $100.00 | Belt tightening |
| Estate Closes | $217.40 | $0.00 | $217.40 | Unknown expense |
| AAA Membership | $17.49 | $0.00 | $ 17.49 | Belt tightening. Equals $210 a year |
| Subscriptions | $14.59 | $0.00 | $ 14.59 | Belt tightening. Equals $175 a year |
| Nursing Uniforms | $21.31 | $0.00 | $ 21.31 | Included in wearing apparel expense |
| Auto Tags & license renewal | $46.50 | | | Equals $558 a year |
| **Total** | | | ($   880.01) | |
| **Expenses** | | | $ 4,867.51 | |
| | | | | |
| **TOTAL:** | | | $ 3,987.50 | |

19.  After subtracting the adjusted expense amount from the adjusted income amount, the Debtors have $4,513.70 in monthly disposable income.

20. If the Debtors applied $4,663.70 a month, they could pay their secured and unsecured claims in full, with interest in the 58 month Plan period.

21. The Debtors do not state if the $376 a month TSP loan will be paid in full during the Plan period and if so, the Plan does not provide that the $376 payment be added to the disposable monthly income.

22. The Debtors do not state if the $511 a month 401(k) loan will be paid in full during the Plan period and if so, the Plan does not provide that the $511 payment be added to the disposable monthly income.

23. Based on the foregoing, the Debtors' amended plan has not been proposed in good faith. *In Re: Cleopatra Jones*, 301 B.R. 840 (Bankr. E.D. Mich. 2003).

WHEREFORE, Claimant American #1 Federal Credit Union respectfully request that this Honorable Court deny confirmation of the Debtors' First Amended Chapter 13 Plan and dismiss this case pursuant to 11 U.S.C. 1307(c)(5), § 1322(b)(2) and 1325(a)(5).

Respectfully submitted:

FOSTER SWIFT COLLINS & SMITH PC
Attorneys for American 1 Federal Credit Union

Dated: February 17, 2010

/s/ Scott A. Chernich
Scott A. Chernich (P48893)
Patricia Scott (P73061)

313 S. Washington Square
Lansing, MI 48933
(517) 371-8133
schernich@fosterswift.com

825530_1.DOC